# UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SHEILA M. DUNN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ASSOCIATES IN PSYCHIATRY AND PSYCHOLOGY, P.A. AND DOES 1-20<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 22-cv-00615<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT ASSOCIATES IN PSYCHIATRY
## AND PSYCHOLOGY, P.A.'S NOTICE OF REMOVAL

Defendant Associates in Psychiatry and Psychology, P.A. (hereinafter "APP"), hereby removes this civil action from the District Court of the Third Judicial District of Winona County, Minnesota to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

**I.     The State Court Action**

1.     On September 16, 2021, Plaintiff Sheila Dunn filed a lawsuit against Defendants Associates in Psychiatry and Psychology, P.A. and Does 1-20 in the District Court of the Third Judicial Circuit of Winona County, Minnesota, styled as *Sheila Dunn v. Associates in Psychiatry and Psychology, P.A. et al.*, Case No. 85-CV-21-1472 ("State Court Action"). On March 4, 2021, Plaintiff filed an Amended Complaint. A true and accurate copy of Plaintiff's Amended Complaint is attached as Exhibit A-1.[1]

2.     Generally, Plaintiff alleges that she worked for APP as a nurse practitioner from May 2020 through August 2021 and that during this time she was not properly paid pursuant to

---

[1] Pursuant to 28 U.S.C. § 1446(a), a copy of all summons, process, pleadings, and orders served upon Defendants in the State Court Action is attached as Group Exhibit A.

various Minnesota wage statutes. Plaintiff also alleges that the restrictive covenants contained in her employment agreement are not enforceable and that she was discriminated against. Plaintiff asserts thirteen causes of action arising from her allegations: (1) declaratory relief regarding restrictive covenants; (2) breach of contract; (3) breach of covenant of good faith and fair dealing; (4) violation of the Minnesota Fair Labor Standards Act; (5) violation of the Minnesota Payment of Wages Act; (6) violation of the Minnesota Wage Theft Prevention Act; (7) unjust enrichment; (8) quantum meruit; (9) wrongful termination/whistleblower violation; (10) failure to provide personnel records; (11) violation of the Federal Fair Labor Standards Act; (12) failure to timely pay wages; and (13) violation of the Minnesota Human Rights Act. Claims 1-10 replead claims first brought by Plaintiff in her Complaint, however, claims 11-13 were only first raised in Plaintiff's Amended Complaint filed March 4, 2022.

3. APP was served with Plaintiff's Amended Complaint on or about March 4, 2022. This service represented the first time APP received a copy of Plaintiff's Amended Complaint containing claims 11-13.

4. No other Defendant has been served in this matter.

5. For the following reasons, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441.  First, there is federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Count XI of Plaintiff's Amended Complaint asserts a claim under the Federal Fair Labor Standards Act of 1938, 29 U.S.C. § 203.  The Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiff's remaining claims.

**II.     The Procedural Requirements for Removal Are Satisfied**

6. APP was served with Plaintiff's Amended Complaint on March 4, 2022.  This service represented the first time Defendants received a copy of Plaintiffs' Amended Complaint

containing a federal claim. Therefore, the instant notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all summons, process, pleadings, and orders served upon Defendants in the State Court Action is attached as Group Exhibit A.

8. No other Defendant has been served in this matter, and therefore 28 U.S.C. § 1446(b)(2)(A) is satisfied.

9. This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

10. No previous application has been made for the relief requested herein.

11. Pursuant to 28 U.S.C. § 1446(d), a copy of the instant notice of removal is being served on Plaintiffs, and a copy is being filed with the clerk of the District Court of the Third Judicial District of Winona County, Minnesota.

12. If any question arises regarding the propriety of the removal of this action, Defendant APP respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

### III. Removal Is Proper Because the Court Has Federal Question Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1331 and 1441

13. There is federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Count XI of Plaintiff's Amended Complaint asserts a claim under the Federal Fair Labor Standards Act of 1938, 29 U.S.C. § 203. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiff's remaining claims.

14. Specifically, Count XI of Plaintiff's Amended Complaint asserts a claim for "Violation of the Federal Fair Labor Standards Act," for which it alleges the following in support:

Defendants have not properly compensated Ms. Dunn for their overtime hours required by the FLSA.

(Exhibit A-1, Count XI, ¶ 161.)

15. 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The Federal Fair Labor Standards Act of 1938, 29 U.S.C. § 203, arises under the laws of the United States because it was an act passed by the United States Congress.

16. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 of Plaintiff's remaining claims.

For the foregoing reasons, Defendant Associates in Psychiatry and Psychology, P.A., hereby removes this civil action from the District Court of the Third Judicial District of Winona County, Minnesota to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. §§ 1331, 1367, and 1441 and 1446.

Dated:  March 9, 2022

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By:  ___/s/ *Ben Kinney*_____
Suzanne L. Jones,  MN Bar No. 389345
Benjamin R. Kinney, MN Bar No. 395769
Gordon Rees Scully Mansukhani LLP
100 S. 5th Street
Suite 1900
Minneapolis, MN 55402
Ph: 612-351-5969
sljones@grsm.com
bkinney@grsm.com
*Attorneys for Defendant Associates in Psychiatry and Psychology, P.A.*

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, and sent a copy of the foregoing document via first class mail, postage prepaid, addressed to:

James A. Godwin
Chris K. White
Godwin Dold
300 1st Ave. NW, Suite 306
Rochester, MN 55901

By:  /s/ Adriana Flores